FEDERAL DEPOSIT INSURANCE CORPORATION, demandante y recurrente, *v.* CARIBBEAN MARKETING INSURANCE AGENCY CORPORATION, ETC., demandados y recurridos.

Número: RE-86-503        Resuelto: 24 de enero de 1989

*Frank Gotay Barquet*, de *Feldstein, Gelpí, Hernández & Gotay*, abogado de la recurrente; *Edmundo Vázquez Otero*, de *Vázquez & Suárez*, abogado de la recurrida Caribbean Bankers Life Insurance Company; *David Carrión Fuentes*, del *Bufete Carrión Fuentes*, abogado de los recurridos Efraín D. Vasallo y Robert Slater; *Antonio García Soto*, abogado de los recurridos Ramiro L. Colón, Jr., Arturo C. Gallardo, Frederick J. González y Doel R. García; *Gabriel J. Peñagarícano*, abogado del recurrido Milton R. Martínez.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

La demandante recurrente Federal Deposit Insurance Corporation (F.D.I.C.) presentó demanda contra Caribbean

Marketing Insurance Agency Corporation en cobro de un pagaré expedido por ésta a la orden del Banco Crédito y Ahorro Ponceño.

En dicha demanda incluyó como codemandados a los Sres. Doel R. García, Efraín D. Vasallo, Charles M. Hitt, Frederick J. González, Arturo C. Gallardo, Ramiro L. Colón, Jr., Robert Slater y al Sr. Milton R. Martínez, en su carácter personal, como garantizadores del pago de dicho pagaré. La demanda original fue enmendada en dos (2) ocasiones. En la contestación a la segunda demanda enmendada los demandados negaron todas las alegaciones de la misma. El tribunal de instancia señaló una conferencia con antelación al juicio para el 22 de octubre de 1981. Antes de dicha conferencia, la demandante F.D.I.C. notificó la toma de deposiciones a los demandados García, Vasallo, Hitt, González, Gallardo, Colón y Martínez, a tenor con las Reglas 23 y 27 de Procedimiento Civil, 32 L.P.R.A. Ap. III. En dichas deposiciones los demandados García y Martínez admitieron haber firmado el pagaré y la garantía. Por su parte, los codemandados Gallardo, Hitt, Colón, González y Vasallo aceptaron, a su vez, haber firmado la garantía y reconocieron su obligación bajo la misma.

En la conferencia con antelación al juicio, el tribunal de instancia aprobó el "Informe sobre conferencia preliminar entre abogados", en el cual se consignaron una serie de controversias y se especificó la prueba documental y testifical a presentarse en el juicio. La parte demandante hizo constar en dicho informe que las deposiciones tomadas en el caso podrían utilizarse en el juicio conforme a las Reglas de Procedimiento Civil y a las de Evidencia.

Posteriormente, la demandante F.D.I.C. solicitó al tribunal de instancia que enmendara el "Informe sobre conferencia preliminar entre abogados" para añadir cierta prueba adicional que la F.D.I.C. se proponía presentar en juicio. Los demandados expresaron no tener objeción a que se enmendara el informe, siempre y cuando se trajera al pleito a Ca-

ribbean Bankers como tercera demandada. La F.D.I.C. se opuso. Finalmente, el tribunal dictó una orden y permitió a los demandados traer al pleito a Caribbean Bankers como tercera demandada. Nada dispuso en la orden respecto a la solicitud de la F.D.I.C. de enmendar el "Informe sobre conferencia preliminar entre abogados".

Al comenzar el juicio el 22 de mayo de 1986 la parte demandante presentó como testigo a la Sra. Rosario Davis, Oficial de Cuentas del F.D.I.C., quien testificó que el pagaré en controversia ascendía a $180,000 de principal y $263,495.14 de intereses. Testificó, a su vez, que dicho pagaré fue adquirido por la F.D.I.C./Corporation mediante compra al F.D.I.C./Receiver, síndico del Banco Crédito y Ahorro Ponceño. Además del testimonio de la Sra. Rosario Davis, la parte demandante ofreció prueba documental en relación con la cual se suscitaron diversos planteamientos de derecho con respecto a la admisibilidad de ésta. Luego de oír los argumentos de las partes en relación con la admisibilidad en evidencia de los documentos ofrecidos por la parte demandante, el tribunal de instancia admitió algunos documentos y rechazó otros. Entre los documentos ofrecidos en evidencia y no admitidos estaban los originales del pagaré y la garantía. La parte demandante ofreció en evidencia las deposiciones tomadas a los demandados a los fines de identificar o autenticar dichos documentos, pero el tribunal no permitió el uso de las deposiciones para tal propósito y denegó la admisión del pagaré y la garantía por no haber sido debidamente autenticados. También denegó la admisión de una serie de documentos y prueba testifical notificada en la solicitud de enmienda al "Informe sobre conferencia preliminar entre abogados", pues dicha enmienda no fue autorizada por el tribunal. Sin embargo, admitió una serie de documentos que confirmaban la venta por parte de F.D.I.C./Síndico a F.D.I.C./Receiver de los activos del desaparecido Banco Crédito y Ahorro Ponceño y una resolución del Tribunal Superior que

aprobaba dicha venta. Al concluir la presentación de la prueba de la parte demandante, los demandados solicitaron la desestimación de la demanda a tenor con la Regla 39.2(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III, por entender que la demandante no había establecido su derecho a la concesión de remedio alguno. La tercera demandada, Caribbean Bankers, hizo igual planteamiento con respecto a la demanda contra tercero presentada en su contra. El tribunal se reservó el fallo de ambas solicitudes. Ni los demandados ni la tercera demandada presentaron prueba alguna en su favor; quedó el caso sometido con la prueba admitida en evidencia.

El 4 de septiembre de 1986, el tribunal de instancia dictó sentencia y declaró sin lugar la demanda y la demanda contra tercero. El tribunal de instancia fundamentó su sentencia en las conclusiones de derecho siguientes:

La demandante nunca autenticó los documentos en que descansaba para probar la existencia de la obligación cuyo pago le reclamaba a los demandados. Por tanto, los documentos que pretendieron presentar en evidencia eran inadmisibles. (Regla 75 de las de Evidencia). Dichos documentos no podían autenticarse mediante el testimonio de la testigo Rosario Davis ya que ésta admitió no ser la custodia de los documentos que le presentaron, ni estaban éstos cumplidamente certificados. (Regla 79 de las de Evidencia).

La sustitución del testimonio de los demandados, a quienes la demandante optó por presentar como testigos suyo [sic], por las deposiciones tomadas a éstos, es impermisible. Si bien es cierto que la Regla 29.1(b) permite que la deposición de una parte podría ser utilizada por la parte adversa para cualquier propósito, al tratar de utilizarse por la demandante como prueba principal para probar un caso *prima facie*, convirtió a los demandados en sus testigos, y estaba obligada a cumplir con las disposiciones de la Regla 29.1(c) de las de Procedimiento Civil vigente que rige el uso de la deposición de un testigo que es parte. La prueba demostró que todos los deponentes se hallaban en Puerto Rico, que estaban disponibles para acudir de haber sido citados, y que la demandante no los

citó, ya que fue sobre la marcha del caso que optó por probar su causa de acción con las deposiciones de éstos, carente para ese entonces de otra prueba admisible.

El Tribunal concluye además, como cuestión de derecho, que no existían circunstancias excepcionales que activaran las disposiciones de la Regla 29.1(5) de las de Procedimiento Civil, amén de no haber sido solicitado por la demandante. En esta jurisdicción se ha permitido el uso de la deposición de un demandado en sustitución de su testimonio oral por acuerdo de las partes y por motivo de que el testigo se hallaba impedido de acudir al Tribunal por hallarse hospitalizado. Constituye error admitir para propósitos sustantivos una deposición cuando la parte que interesa su admisión falla en establecer que el deponente no está disponible para declarar. *Frechette v. Welch*, 621 F.2d 11. Examinando la Regla 32(a) Federal, correspondiente a la que nos ocupa, hallamos unanimidad de criterio en que el testimonio por vía de deposición es menos deseable que el testimonio oral, y ordinariamente debe usarse como sustitutivo únicamente si el testigo no está disponible para testificar en persona. Por cierto, la Regla 32(a) hace referencia directa a la importancia de presentar el testimonio de los testigos oralmente en corte abierta. (8 Wright & Miller 2141, 2142). La deposición siempre ha sido, y continúa siendo, un sustituto, algo secundario, no debiendo usarse cuando el deponente está disponible. *Arnstein v. Porter*, 154 F.2d 464, 470; *Napier v. Bossard*, 102 F.2d 467. Las Reglas se fundamentan en la premisa de que testimonio vivo es más deseable que una deposición. Si un testigo está disponible para testificar, su deposición no puede utilizarse. *National Screw and Mfgo. Co. v. Voi-Shan Industries, Inc.*, 347 F.2d 1. Sólamente [sic] cuando la oportunidad de observar al testigo es imposible son las deposiciones sustitutas aceptables. *Newburguer Loeb and Co., Inc. v. Gross*, 365 F.Supp. 1364; *Bellamy v. Molitor*, 108 FRD 1 1983.

No habiendo la evidencia aportada por la parte demandante establecido la existencia de la deuda de Caribbean Marketing Corporation con la parte demandante, así como tampoco la responsabilidad de los demandados hacia dicha parte, resulta necesario el que se desestime la demanda en el presente caso.

De igual forma y en base a las anteriores Determinaciones de Hechos es forzoso desestimar a su vez la Demanda Contra Tercero. Apéndice, págs. 134–135.

De esta sentencia recurre la demandante F.D.I.C. ante nos mediante solicitud de revisión. En su recurso plantea las cuestiones de derecho siguientes:

1. ¿Fue correcta la interpretación hecha por el tribunal de instancia de la Regla 29.1 de las de Procedimiento Civil al resolver que la deposición de una parte adversa no puede utilizarse en el juicio a menos que la parte que interesa usar la misma establezca previamente la no disponibilidad de dicha parte para declarar?

2. ¿Fue correcta la determinación del tribunal de instancia al no resolver que las admisiones hechas por los demandados durante deposiciones tomadas en este mismo caso son admisibles bajo las Reglas 62 y 76(G) de las de Evidencia?

3. ¿Fue correcta la determinación del tribunal de instancia al determinar que la FDIC no estableció su título o interés sobre la obligación reclamada en la demanda?

4. ¿Fue correcta la determinación del tribunal de instancia de no permitir a la FDIC presentar prueba que había sido anunciada más de año y medio antes? Solicitud de revisión, pág. 8.

Estando en posición de resolver, así lo hacemos.

## I

La Regla 29.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que:

En el juicio, o al celebrarse la vista de una moción o de un procedimiento interlocutorio, la totalidad o cualquier parte de una deposición, en cuanto sea admisible de acuerdo con las Reglas de Evidencia, aplicadas como si el deponente estuviera testificando en corte, podrá utilizarse contra cualquier parte que hubiere estado presente o representada en la toma de la deposición, o que hubiere sido debidamente notificada de dicho acto, de acuerdo con cualquiera de las siguientes disposiciones:

(a) Cualquier deposición podrá utilizarse por cualquier parte con el propósito de contradecir o impugnar el testimonio del deponente como testigo.

(b) La deposición de una parte, o la de cualquier persona que en la fecha en que se tomó la deposición era un oficial, funcionario, director o agente administrador o persona designada bajo la Regla 27.5 para testificar a nombre de una corporación pública o privada, sociedad, asociación o agencia gubernamental, que sea parte en el pleito, podrá utilizarse por la parte adversa para cualquier propósito.

(c) La deposición de un testigo, ya fuere o no parte, podrá utilizarse por cualquiera de las partes para cualquier propósito si el tribunal determina: (1) que el testigo ha fallecido; o (2) que se ha demostrado que sería oneroso requerir la presencia en el juicio de un testigo que se encuentra fuera de Puerto Rico, a menos que se probare que la ausencia del testigo fue motivada por la parte que ofrece la deposición; o (3) que el testigo no puede comparecer a declarar por razón de su avanzada edad, enfermedad o incapacidad física; o (4) que la parte que ofrece la deposición no ha podido conseguir la comparecencia del testigo mediante citación; o (5) mediante solicitud y notificación demostrativas de que existen circunstancias de tal forma excepcionales, que hacen deseable en interés de la justicia y dando la debida consideración a la importancia de presentar oralmente el testimonio de los deponentes en corte abierta, que se permita el uso de la deposición.

(d) Si una parte ofreciere en evidencia solamente un fragmento de una deposición, la parte adversa podrá exigirle que presente cualquier otro fragmento de la deposición que en justicia deba ser considerado con el fragmento ya ofrecido, y de igual forma, cualquier parte podrá ofrecer cualesquiera otros fragmentos de dicha deposición.

La sustitución de parte no afectará el derecho a usar deposiciones previamente tomadas y, cuando un pleito incoado ante el Tribunal General de Justicia o ante una corte de los Estados Unidos o de cualquiera de sus estados, territorios o posesiones, ha sido sobreseído, y luego se presente un nuevo pleito que envuelva la misma cuestión litigiosa entre las mismas partes o sus representantes o causahabientes, todas las deposiciones legalmente tomadas y debidamente archivadas en el

pleito anterior se podrán usar en el nuevo pleito como si hubiesen sido originalmente tomadas para el mismo.

█    Esta Regla 29.1 de Procedimiento Civil regula el uso de deposiciones en el juicio para fines de impugnación de testigos o como prueba directa de un hecho en controversia. El inciso (a) autoriza el uso de deposiciones por cualquier parte para fines de impugnación de testigos. El inciso (b) permite el uso de la deposición de una parte por la parte adversa para cualquier propósito, esto es, que permite el uso de dicha deposición como prueba directa, no meramente de impugnación.

Si la deposición es de una parte o de un funcionario, director o agente administrador de una asociación pública o privada o una corporación que sea parte litigante, podrá utilizarse dicha deposición por la parte adversa para cualquier propósito en el juicio. Cuando se dice cualquier propósito, quiere decirse que la parte que toma la deposición puede llevarla al juicio y utilizarla para establecer determinados hechos a base de admisiones o en segundo lugar puede ofrecerla en evidencia para impugnar o desacreditar el testimonio de esa parte o de un testigo. R. Hernández Colón, *Manual de Derecho Procesal Civil*, 2da ed. rev., Hato Rey, Ed. Equity, 1981, Sec. 2805, pág. 225.

█    El inciso (c) regula el uso, por cualquiera de las partes, de las deposiciones de testigos, sean o no partes. Bajo este inciso se permite utilizar la deposición de un testigo como prueba directa en ciertos casos únicamente.

Si se trata del testimonio de un testigo, siempre puede utilizarse por la parte que la tomó para impugnar el testimonio del deponente como testigo en juicio. Pero podrá utilizarse para sustituir la declaración personal del testigo en los siguientes casos:

(1) Cuando el testigo ha fallecido.

(2) Cuando el testigo se encuentra fuera de Puerto Rico y resultare muy oneroso el requerir su presencia, excepto que se probare que la ausencia del testigo fue motivada por la parte que ofrece la deposición.

(3) Cuando el testigo no puede comparecer o declarar por razón de su avanzada edad, enfermedad o incapacidad física.

(4) Cuando la parte que ofrece la deposición no ha podido conseguir la comparecencia del testigo mediante citación.

(5) Mediante una solicitud especial notificada a la parte contraria que demuestre que existen circunstancias tan extraordinarias que harían deseable que se permita usar la deposición en interés de la justicia. El tribunal dándole la debida consideración e importancia a que se presente la declaración del deponente en corte abierta resolverá si la admite o no la admite. (Escolio omitido.) Hernández Colón, *op. cit.*, págs. 225–226.

■ En el caso de autos, las deposiciones ofrecidas en evidencia por la demandante F.D.I.C. eran todas de los demandados, esto es, de partes adversas. Por lo tanto, el uso de las mismas en juicio como prueba directa estaba regido por el inciso (b) de la Regla 29.1 de Procedimiento Civil, *supra*. Dicho inciso (b), a diferencia del inciso (c), sólo condiciona el uso de dichas deposiciones a que las mismas sean admisibles bajo las Reglas de Evidencia. Sólo el inciso (c) de la Regla 29.1 de Procedimiento Civil, *supra*, requiere, además de su admisibilidad bajo las Reglas de Evidencia, que se den una serie de circunstancias de no disponibilidad del testigo para poder utilizar la deposición del testigo como prueba directa. Como no son deposiciones de testigos, sino de partes adversas, el inciso (b) sólo requería para su utilización en juicio que las mismas fueran admisibles bajo las Reglas de Evidencia.(1)

---

(1) La correspondiente regla federal, Regla 32 de Procedimiento Civil, 28 U.S.C., ha sido interpretada de igual forma. Véanse: 8 *Wright & Miller, Federal Practice and Procedure: Civil* Sec. 2145 (1970); 7 *Cyc. Fed. Proc.* Sec. 25.335 (3ra ed. 1971); *Shepard's Discovery Proceedings in Federal Practice*, Colorado, Shepard's/McGraw-Hill, 1983, Sec. 6.58, pág. 196. Véanse también, en torno al uso en juicio de deposiciones de partes adversas como prueba directa independientemente de que el deponente esté disponible o no para testificar o haya testificado en juicio: *Coughlin v. Capitol Cement Co.*, 571 F.2d 290 (1978); *Fenstermacher v.*

Las declaraciones hechas por los demandados en las deposiciones constituían prueba de referencia por ser declaraciones hechas fuera de corte ofrecidas en evidencia para probar la verdad de lo aseverado; esto es, la suscripción del pagaré y la garantía por parte de los demandados y su responsabilidad por el pago del mismo. Regla 60 de Evidencia, 32 L.P.R.A. Ap. IV.

La Regla 62(A) de Evidencia, 32 L.P.R.A. Ap. IV, dispone que será admisible como excepción a la regla de prueba de referencia una declaración ofrecida contra una parte si la declaración es hecha por dicha parte en su capacidad individual o representativa. Bajo este inciso de la Regla 62 de Evidencia, *supra*, la declaración es una típica admisión de parte y se justifica su admisibilidad, pues no hay menoscabo alguno al derecho a confrontación —razón de ser de la regla general de exclusión— ya que el declarante no puede objetar que no ha podido contrainterrogarse a sí mismo.

La razón fundamental para la admisibilidad de las admisiones es que una parte no puede objetar razonablemente la admisibilidad a base de que no tuvo la oportunidad de contrainterrogarse a sí misma; igualmente absurda resulta la objeción de que el declarante (el mismo que ahora objeta) no es digno de credibilidad porque no hizo la declaración bajo juramento. Otra justificación frecuente es que la admisibilidad es inherente al sistema de adversarios. También se dice que las admisiones deben recibirse como .evidencia circunstancial. Otros se limitan a decir que no hay problema de admisibilidad pues no se trata de prueba de referencia.

En suma, se admite la declaración de una *parte*, hecha fuera de corte, contra el propio declarante, porque una *parte* no sufre menoscabo en su derecho a confrontación por no haber podido contrainterrogarse a sí mismo. Esta excepción es de

*Philadelphia National Bank*, 493 F.2d 333 (1974); *Pingatore v. Montgomery Ward and Company*, 419 F.2d 1138 (1969), *cert.* denegado 398 U.S. 928 (1973); *Pursche v. Atlas Scraper and Engineering Co.*, 300 F.2d 467 (1962).

las fundamentadas en no tener sentido la razón de la regla general de exclusión de prueba de referencia: que la parte contra la que se ofrece no ha tenido oportunidad de contrainterrogar al declarante. (Énfasis en el original.) E.L. Chiesa, *Práctica Procesal Puertorriqueña: Evidencia,* San Juan, Pubs. J.T.S., 1985, Vol. I, pág. 292.

Al ser las declaraciones de los demandados en las deposiciones admisiones de parte, las mismas eran admisibles bajo la Regla 62(A) de Evidencia, *supra,* como excepción a la regla de prueba de referencia. Las deposiciones de los demandados eran admisibles bajo las Reglas de Evidencia, por lo tanto, podían utilizarse por la parte adversa para cualquier propósito en el juicio a tenor con lo dispuesto en la Regla 29.1(b) de Procedimiento Civil, *supra.* Uno de los propósitos para el cual podían utilizarse dichas deposiciones era para autenticar o identificar el pagaré y la garantía ofrecidos y no admitidos en evidencia. La Regla 75 de Evidencia, 32 L.P.R.A. Ap. IV, dispone que el requisito de autenticación o identificación como condición previa a la admisibilidad se satisface con la presentación de evidencia suficiente para sostener una determinación de que la materia en cuestión es lo que el proponente sostiene. La Regla 76 de Evidencia, 32 L.P.R.A. Ap. IV, por su parte establece una serie de ejemplos de autenticación o identificación, entre ellos, la autenticación mediante admisión. Dicha Regla 76 de Evidencia, *supra,* provee lo siguiente:

De conformidad con los requisitos de la regla anterior y sin que se interprete como una limitación son ejemplos de autenticación o identificación los siguientes:

.    .    .    .    .    .    .    .

(G) *Autenticación mediante admisión*: Un escrito u otro material puede ser autenticado mediante evidencia de que la parte contra quien se ofrece admitió su autenticidad en cualquier momento, o mediante evidencia de que ha sido aceptado como auténtico por la parte contra la cual se ofrece.

Todos los demandados, excepto el demandado Robert Slater, admitieron en sus deposiciones la autenticidad del pagaré y la garantía. Las deposiciones que contienen dichas admisiones eran evidencia suficiente para probar la autenticidad de esos documentos. Erró el tribunal de instancia al no admitir dichas deposiciones como prueba de autenticación de los documentos. Este error resultó perjudicial para la demandante F.D.I.C., ya que al no poder autenticar el pagaré y la garantía mediante el uso de las deposiciones éstos no fueron admitidos en evidencia, y le impidió probar debidamente la existencia de su causa de acción.

■ Es norma claramente establecida por este Tribunal que no se dejará sin efecto una sentencia por motivo de exclusión errónea de evidencia a menos que el Tribunal entienda que dicha exclusión fue un factor sustancial en la decisión tomada por el tribunal de instancia y que el resultado, si no se hubiera excluido la evidencia, habría sido distinto. Regla 5 de Evidencia, 32 L.P.R.A. Ap. IV. *Pueblo v. García Reyes*, 113 D.P.R. 843 (1983); *S.J. Credit, Inc. v. Ramírez*, 113 D.P.R. 181 (1982); *Pueblo v. Lebrón González*, 113 D.P.R. 81 (1982); *Pueblo v. Franceschini Sáez*, 110 D.P.R. 794 (1981).

En el caso de autos, la exclusión errónea de evidencia fue determinante en la decisión. Si no se hubiera excluido dicha evidencia, el resultado habría sido totalmente distinto. El error cometido amerita revocación.

■ En cuanto al cuarto error señalado por la recurrente F.D.I.C., resolvemos que no erró el tribunal de instancia al no admitir en evidencia la prueba anunciada en la moción que solicita enmiendas al "Informe sobre conferencia preliminar entre abogados". Dicha enmienda nunca fue aprobada por el tribunal, por lo cual el caso se rige por el

informe original presentado por las partes y aprobado por el tribunal de instancia. Regla 37.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

Por las razones antes expuestas, *se dictará sentencia para dejar sin efecto la sentencia recurrida y devolver el caso a instancia para procedimientos ulteriores compatibles con lo aquí resuelto.*

El Juez Presidente Señor Pons Núñez y los Jueces Asociados Señores Negrón García y Alonso Alonso se inhibieron.