# 95 DTA 25

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE CAROLINA Y FAJARDO

JESUS ORTIZ MARRERO
Demandante-Apelante

v.

POSADAS DE SAN JUAN ASS.
H/N/C EL SAN JUAN HOTEL & CASINO
Demandada-Apelada

Núm. KLAN-95-00021

San Juan, Puerto Rico, a 13 de marzo de 1995

Panel integrado por su presidente, la Juez Alfonso de Cumpiano
y los Jueces González Román y Ortiz Carrión

Alfonso de Cumpiano, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El Sr. Jesús Ortiz Marrero solicita en este recurso de apelación la revocación de la sentencia dictada el 23 de mayo de 1994 por el Tribunal de Distrito, Sala de Carolina, declarando sin lugar la demanda instada por él en cobro del pago de la mesada. El dictamen se basó en que medió justa causa para su despido.

La controversia central en el presente recurso gira esencialmente en torno a si medió o no justa causa para ello y si se siguió el procedimiento de trato justo. Entendemos que el tribunal actuó correctamente en su determinación.

### I

Los hechos relevantes, según surgen del expediente, revelan que el señor Ortiz Marrero fue despedido de su empleo como supervisor del casino de El San Juan Hotel & Casino (ESJ), lo que motivó que demandara, alegando que su despido fue injustificado, y reclamara el pago de la mesada. Luego de varios trámites procesales, el tribunal dictó la sentencia apelada en la que expuso los hechos que encontró probados y determinó que se cumplió el procedimiento de trato justo establecido por la empresa. Concluyó que la causal principal para el despido del señor Ortiz Marrero fue su repetida insubordinación y desobediencia a las instrucciones específicas del Sr. Ibrahim Arce, Director de Operaciones del Casino, en cuanto a la preparación de los itinerarios, lo que constituía un reto abierto a su autoridad como director del casino. En consecuencia, resolvió que, siendo la disciplina y obediencia en el taller de empleo un elemento crucial para mantener el orden y la buena marcha del negocio, su despido estuvo justificado. Por ende, declaró sin lugar la demanda instada. (Autos originales, págs. 47-48).

Inconforme con dicho dictamen, el señor Ortiz Marrero recurre ante nos planteando que su despido fue injustificado, toda vez que no se siguió el procedimiento de trato justo adoptado por ESJ y que él no incurrió en la conducta imputada.

### II

Examinemos la norma legal vigente sobre despido injustificado para, a la luz de la evidencia creída por el tribunal, determinar si su decisión de que medió justa causa para el despido es conforme a derecho.

La Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. secciones 185a *et seq.*, confiere a todo empleado contratado sin tiempo determinado el derecho a ser indemnizado por su patrono en caso de ser despedido sin justa causa. Dicha indemnización es comúnmente conocida como el pago de la mesada. La ley presume que el despido es injustificado, es decir, que se hizo por mero capricho del patrono o sin razón relacionada al buen y normal funcionamiento del establecimiento. 29 L.P.R.A. sección 185b. Recae, pues, sobre el patrono el peso de establecer, por preponderancia de la prueba, que medió justa

causa. *Delgado Zayas v. Hospital Interamericano,* ___ D.P.R. ___ (1994), **94 J.T.S. 149,** pág. 500; *Rivera Aguila v. K-Mart de P.R.,* 123 D.P.R. 599, 610 (1989).

A los fines de hacer más restrictivo el concepto de justa causa, la ley ofrece un listado de circunstancias o actos que pueden dar lugar al despido justificado. 29 L.P.R.A. sección 185b. Algunas son imputables al empleado, otras al patrono o a la situación económica de la empresa. *Santiago v. Kodak,* ___ D.P.R. ___ (1992), **92 J.T.S. 11,** pág. 9164. Entre las causas imputables al empleado se encuentra la violación reiterada de las reglas y reglamentos establecidos por el patrono para el funcionamiento del establecimiento. 29 L.P.R.A. sección 185b (c). A pesar de que no se favorece el despido como sanción a la primera falta, ésta se considerará justa causa si por su gravedad y potencial de agravio pone en riesgo el orden, la seguridad o la eficiencia que constituye el funcionamiento normal del establecimiento. *Delgado Zayas v. Hospital Interamericano, supra; Secretario v. I.T.T.,* 108 D.P.R. 536, 543-544 (1979).

Se ha establecido que el patrono puede adoptar reglas y reglamentos para regular el funcionamiento de la empresa, que éste forma parte del contrato de trabajo del empleado y que un despido en violación a éstas resultaría en un despido injustificado. *Santiago v. Kodak, supra.*

En el caso bajo nuestra consideración, ESJ adoptó reglas de conducta y disciplina entre las que dispuso que no se toleraría la insubordinación de ningún empleado. Definió dicho término como *"Refusal to obey an order or instruction given by a supervisor or boss, be it in a peaceful and orderly manner, constitutes insubordination."* (Véase la regla 17 de las Reglas de Conducta, Exhibit V del Recurso, pág. 45). Publicó, además, la Guía de Bolsillo para el Empleado, mediante la cual estableció su política sobre trato justo y el procedimiento para canalizar adecuadamente las diferencias que surgieran entre la empresa y los empleados.

Como parte de dicha política estableció que nunca se despediría a un empleado en el acto, que de ser necesario se le suspendería en lo que se investigaba y procesaba su caso. El despido se decretará luego de ser oído el empleado y que el supervisor haya ofrecido justificación para su separación. (Exhibit V del Recurso).

Veamos el procedimiento seguido por ESJ en este caso. El Sr. Edgardo Díaz, quien presenció la conversación original entre el señor Arce y el apelante, sostuvo que el primero le expresó al señor Ortiz Marrero que estaba cansado de decirle lo mismo sobre las preferencias en los itinerarios y que únicamente lo estaba suspendiendo, pues solamente el Sr. Mike Howard, Vice-presidente del Casino, tenía autoridad para ello. Dicho testimonio corroboró las declaraciones del señor Arce. (E.N.P., págs. 7 y 8).

Del testimonio del Sr. Egidio Colón, Director de Recursos Humanos, surge que al día siguiente de la aludida conversación se reunió con el apelante, quien estaba alterado, por lo que lo llevó directamente ante el señor Howard. Además, que el señor Ortiz Marrero fue quien mayormente habló en dicha reunión exponiendo su versión de los hechos, que entrevistó personalmente a los empleados que prepararon los informes presentados por el señor Arce y que en la segunda entrevista con el señor Howard abogó para que se retuviera en el empleo al apelante. Por su parte, el señor Howard reiteró lo declarado por el señor Colón sobre el procedimiento seguido y añadió que efectuó su propia investigación entrevistando varios empleados, que decidió no confrontar a los señores Arce y Ortiz Marrero para permitir que se enfriaran los ánimos, y que fue quien tomó la decisión de despedirlo, luego de que rehusara continuar trabajando bajo la supervisión del señor Arce. (E.N.P., págs. 3-5 y Exposición Narrativa Objetada, Autos originales, págs. 225-229)█

Hay base, pues, para la determinación que el señor Ortiz Marrero fue suspendido por el

señor Arce y que el Vice presidente del casino fue quien lo despidió, tal cual dispone el reglamento. También surge que se cumplió sustancialmente con el procedimiento establecido por la empresa, en tanto en cuanto el señor Ortiz Marrero conocía los cargos que pendían en su contra, tuvo oportunidad de ser oído sobre el particular y fue asistido por el señor Colón, quien junto con el Vice presidente del casino efectuaron su propia investigación de los hechos.

En vista de lo antes expuesto y de que la justificación aducida por los señores Colón y Howard para no confrontar al señor Arce con el señor Ortiz Marrero en una misma reunión es razonable, entendemos que el tribunal no erró al determinar que en el despido no medió violación a las reglas promulgadas por la empresa.

En cuanto a la causa para el despido, es un hecho incontrovertido por las partes que los resultados obtenidos en 1992, mediante el estudio independiente realizado por la firma The Hay Group, revelaron la existencia de favoritismo en el casino relacionado con la asignación de turnos, días libres, sobretiempo y promociones. El testimonio de los señores Colón y Arce estableció que la función de preparar los itinerarios le había sido delegada al señor Ortiz Marrero en 1991, que transcurrido un año se le relevó de ésta por incumplimiento con las órdenes del señor Arce y las normas establecidas por ESJ para la preparación de los itinerarios. En 1992 se le brindó una segunda oportunidad, sin embargo, incurrió nuevamente en las mismas prácticas de favoritismo proscritas por la empresa. El señor Arce llamó su atención en repetidas ocasiones y volvía a incurrir en las mismas faltas señaladas, insubordinándose de forma velada y restándole autoridad. Medió también prueba sobre las quejas y las prácticas de favoritismo por parte del señor Ortiz Marrero. (E.N.P, págs. 2, 7-8 y 13 y Autos originales, págs. 222-223, 233 y 236).

Además, por medio del testimonio del señor Howard se estableció que la preparación de los itinerarios es un proceso sensitivo que requiere cuidado y neutralidad en su aplicación para evitar visos de preferencias en la asignación de turnos de trabajo, mesas de juego, torneos, sobretiempo, días libres y otros asuntos de personal, que su manejo es parte integral de la operación del casino y el uso o administración efectiva de éstos tiene un efecto económico sobre la empresa, siendo el componente de mayor impacto en la nómina. (E.N.P., págs. 4 5).

Debe tenerse presente que la prueba testifical creída por el juzgador, es suficiente para establecer cualquier hecho, siendo innecesario para ello la existencia de prueba documental. Regla 10(d) de las Reglas de Evidencia, 32 L.P.R.A. Ap. IV; *Pueblo v. Rodríguez Román,* ___ D.P.R. ___ (1991), **91 J.T.S. 26**, pág. 8475. Por tanto, la ausencia de esta última para corroborar los testimonios sobre las fallas incurridas por el señor Ortiz Marrero en la preparación de los itinerarios y el favoritismo, es innecesaria para dar por probado ese hecho.

En definitiva, ESJ descargó adecuadamente el peso de la prueba al establecer que medió justa causa para el despido, pues demostró que el señor Ortiz Marrero reiteradamente incurrió en violación a la regla 17 de las Reglas de Conducta de ESJ y que ello constituía una conducta lesiva al buen funcionamiento de la empresa.

El Tribunal de Distrito, al declarar sin lugar la demanda, dirimió cualquier conflicto de la prueba, conforme a la credibilidad que le merecieron los testimonios vertidos en evidencia, según antes expuestos. Siendo ante dicho tribunal que los testigos declararon y quien estuvo en mejor posición para observarlos y evaluar la veracidad de sus testimonios, las determinaciones de hechos efectuadas, basadas en la prueba, merecen nuestra deferencia. *In re: Morales Soto,* ___ D.P.R. ___ (1994), **94 J.T.S. 7**, pág. 11469; *Garage Rubén, Inc. v. Tribunal Superior,* 101 D.P.R. 236, 243 (1973). En ausencia de pasión, prejuicio, parcialidad o error manifiesto en la apreciación de la prueba, no procede alteremos ni intervengamos con

ésta. *Fermín Orta v. Padilla Ayala,* \_\_\_ D.P.R. \_\_\_ (1995), **95 J.T.S. 21,** pág. 668; *Rodríguez Oyola v. Machado Díaz,* \_\_\_ D.P.R. \_\_\_ (1994), **94 J.T.S. 82,** pág. 12008.

Por último, el planteamiento de que procede la revocación de la sentencia apelada por la exclusión errónea del testimonio de la Sra. Ana Silvia Toro, carece de fundamento. Es norma claramente establecida que no se dejará sin efecto una sentencia por razón de exclusión errónea de evidencia, salvo que el tribunal apelativo estime que ello fue un factor sustancial en la decisión tomada por el tribunal de instancia y que el resultado hubiese sido distinto de no haberse excluido esa evidencia. *FDIC v. Caribbean Marketing Ins. Agency Corp.,* 123 D.P.R. 247, 260 (1989). Quedó establecido por la prueba que la razón principal para el despido del señor Ortiz Marrero fue su insubordinación al no acatar las instrucciones del señor Arce referente a la preparación de los itinerarios. Dicha falta era causa suficiente, por sí sola, para el despido. Por ende, el testimonio de la señora Toro para refutar otros testimonios sobre declaraciones del señor Ortiz Marrero en cuanto al uso de la encuesta para perjudicar al señor Arce, de éste ser creído por el tribunal, no hubiese variado, a nuestro juicio, la determinación de que medió justa causa para el despido.

### III

En atención a todos los fundamentos antes expuestos, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIO 95 DTA 25**

**1.** La exposición narrativa de la prueba en este caso consistió de la exposición sometida en conjunto por las partes (E.N.P.) y de las objeciones presentadas por ESJ sobre los testimonios que no pudieron ser estipulados. Así lo dictaminó el Tribunal de Distrito al resolver que:

*"...en cuanto a las objeciones presentadas por la parte demandada-apelada, las declaramos con lugar y ordenamos que forme parte de la exposición antes aceptada."*

(Véase la Resolución Enmendada del 28 de noviembre de 1992, Autos originales, pág. 290).