ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| COLEGIO DE CONTADORES PÚBLICOS AUTORIZADOS DE PUERTO RICO, <br><br> Apelada, <br><br> v. <br><br> DAMARIS BERMÚDEZ RODRÍGUEZ; DBR ACCOUNTING SERVICES, <br><br> Apelante. | KLAN202400654 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla. <br><br> Civil núm.: AG2024CV00752. <br><br> Sobre: *injunction* (entredicho provisional, *injunction* preliminar y permanente). |
| --- | --- | --- |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 5 de septiembre de 2024.

En este recurso, la parte apelante impugna la admisibilidad de la prueba documental presentada durante la vista de *injunction* preliminar y permanente. En particular, aduce que el único documento admitido en evidencia constituye prueba de referencia y no fue debidamente autenticado, por lo que resulta inadmisible. A la luz de que esa fue la única prueba documental sometida por la parte apelada, la parte apelante sostiene que este Tribunal debe revocar la sentencia dictada en el caso.

Evaluado el recurso, la transcripción de la prueba oral (TPO), así como la oposición al recurso, revocamos la sentencia y desestimamos la demanda instada en el caso del título.

I

El 10 de mayo de 2024, el Colegio de Contadores Públicos Autorizados (Colegio), por conducto de su director ejecutivo, CPA Yoel Y. Sepúlveda Mercado (señor Sepúlveda), presentó una demanda jurada[1] en la que solicitó un *injunction* preliminar y permanente para impedir que la

---

[1] *Véase*, apéndice del recurso, a las págs. 1-8.

Número identificador

SEN2024_____

señora Damaris Bermúdez Rodríguez (señora Bermúdez) y la firma *DBR Accounting Services* (DBR) continuaran ejerciendo ilegalmente la profesión de contador público autorizado. Conforme expuesto en la demanda, tanto la señora Bermúdez como la firma DBR ejercían la práctica de la contabilidad sin estar debidamente licenciados y colegiados para ello[2].

El 13 de mayo de 2024, el Tribunal de Primera Instancia, Sala Superior de Aguadilla, dictó una orden *ex parte* que intituló *Injunction Provisional*[3]. En ella, el foro primario dispuso para que la señora Bermúdez y DBR cesaran y desistieran de ejercer la profesión de contador. Además, la orden citó a una vista de *injunction* preliminar a celebrarse el 22 de mayo de 2024. Esta se celebró finalmente el 30 de mayo de 2024.

Durante la vista, solo testificó el director ejecutivo del Colegio. Con él, se intentó autenticar el documento en controversia[4]. Se trataba de una primera hoja con un membrete que lee *DBR Accounting Service* e intitulado *Informe del contador público autorizado independiente en la aplicación de procedimientos previamente acordados*, dirigido a la junta de directores de *Pyramid Learning Corp.*, Caguas, Puerto Rico. La segunda hoja, que lleva el número de página 73, y en el que aparece una firma y, debajo de esta, el nombre de Damaris Bermúdez Rodríguez, con número de licencia 5896, que expira el 1 de diciembre de 2025. El documento parece haber sido suscrito el 17 de enero de 2024.

Evaluada la transcripción de la vista, es evidente que la única prueba admisible en evidencia era el testimonio del señor Sepúlveda a los efectos de que la señora Damaris Bermúdez Rodríguez no estaba colegiada, ni aparecía registrada como contadora pública autorizada en Puerto Rico. Lo mismo en cuanto a la firma *DBR Accounting Services.*

---

[2] Debe quedar claro que en este recurso no se cuestiona la facultad del Colegio para instar esta acción civil para hacer valer las disposiciones de la ley. Así le autoriza tanto el Art. 13(h) de Ley Núm. 75-1973, según enmendada, 20 LPRA sec. 805(h), analizado a la luz de los actos declarados ilegales contenidos en la Sec. 11 de la Ley Núm. 293-1945, según enmendada, 20 LPRA sec. 784.

[3] *Véase*, apéndice del recurso, a las págs. 9-11. La naturaleza de la orden es la de un **entredicho provisional**, conforme a lo dispuesto en la Regla 57.1 de las de Procedimiento Civil, 32 LPRA Ap. V.

[4] *Véase*, apéndice del recurso, a las págs. 17-18.

No obstante, el señor Sepúlveda no conocía a la señora Bermúdez, no conocía su letra y firma, y se limitó a testificar que "una persona", cuya identidad fue establecida como alguien de *Pyramid Learning Corp.*, envió ese documento por correo electrónico al Colegio[5].

A pesar de las objeciones oportunas y fundamentadas del representante legal de la parte apelante[6], el foro primario admitió en evidencia, como *exhibit* 1, el documento antes referido. Así pues, en unión al testimonio prestado en sala por el señor Sepúlveda, el tribunal declaró con lugar la demanda de *injunction* permanente. Dictó su sentencia el 30 de mayo de 2024, la cual fue notificada al día siguiente.

El 17 de junio de 2024, la señora Bermúdez solicitó la reconsideración de la sentencia[7]. El 24 de junio de 2024, el tribunal declaró sin lugar la misma[8].

Inconforme, el 9 de julio de 2024, la señora Bermúdez instó este recurso de apelación y apuntó la comisión de dos errores; a decir:

> Erró el Tribunal de Primera Instancia al declarar "con lugar" la demanda sobre *injunction* radicada por la parte demandante-apelada, al permitir el testimonio del director ejecutivo del Colegio de Contadores Públicos Autorizados de Puerto Rico, por este no tener propio y personal conocimiento de las alegaciones de la demanda.

> Erró el Tribunal de Primera Instancia al admitir de la parte demandante el documento titulado "Informe del contador público autorizado independiente en la aplicación de procedimientos previamente acordados" a pesar de que solo se presentó la página uno (1) y setenta y tres (73) del informe y que no fue debidamente autenticado conforme a las Regla de Evidencia de Puerto Rico y por constituir prueba de referencia ofrecida por un tercero que no fue identificado ni estuvo disponible para declarar durante la vista.

(Énfasis omitido).

En síntesis, la parte apelante aduce que el director ejecutivo carecía del conocimiento propio y personal de las alegaciones de la demanda, que le habrían permitido testificar adecuadamente sobre ellas. Además, que el

---

[5] *Véase*, transcripción de la prueba oral (TPO), a las págs. 7-9.

[6] *Íd.*, a las págs. 4, y 23-27.

[7] *Véase*, apéndice del recurso, a las págs. 33-35.

[8] *Íd.*, a la pág. 37.

documento admitido en evidencia como *exhibit* 1 no fue debidamente autenticado y constituye prueba de referencia, por lo que resultaba inadmisible en corte.

Por su parte, el Colegio se opuso al recurso el 3 de septiembre de 2024. En lo pertinente a la controversia ante nos, el Colegio adujo que las Regla de Evidencia de Puerto Rico, 32 LPRA Ap. VI, no aplican u obligan al foro primario durante la celebración de una vista de *injunction* preliminar. Además, planteó que la parte apelante, a pesar de haber estado presente durante el juicio, optó por no testificar, por lo que su silencio debe ser interpretado como una aceptación tácita de las alegaciones de la demanda. En particular, pues la apelante no había formulado su alegación responsiva, por lo que, conforme a la Regla 6.4 de las de Procedimiento Civil, 32 LPRA Ap. V, las alegaciones de la demanda debían haberse dado por admitidas.

Perfeccionado el recurso, resolvemos.

II

A

Las Reglas de Evidencia de Puerto Rico, 32 LPRA Ap. VI, aplican en todos las casos civiles y penales. No obstante, la Regla 103 de las de Evidencia exceptúa de su aplicación ciertas instancias específicas; además, no obligan en otras. En lo pertinente, la Regla 103(d)(2)(E) dispone que dicho cuerpo reglamentario **no obliga en los procedimientos relacionados con entredichos provisionales e interdictos preliminares.**

Nótese que la disposición citada se refiere a asuntos interdictales provisionales o preliminares; no se refiere a la adjudicación de un *injunction* permanente. Recordemos que la Regla 57.2(b) de las de Procedimiento Civil, 32 LPRA Ap. V, autoriza la consolidación de la vista para atender un *injunction* preliminar con la celebración del juicio en sus méritos. Esta lee como sigue:

> Antes o después de comenzada la vista para considerar una solicitud de *injunction* preliminar, el tribunal podrá ordenar que el juicio en sus méritos se consolide con dicha vista. **Aun cuando no se ordene la consolidación, cualquier**

**evidencia que sea admitida en la vista sobre la solicitud de *injunction* preliminar <u>y que sea admisible en el juicio en sus méritos</u>, pasará a formar parte del récord del caso** y no tendrá que presentarse nuevamente el día del juicio. […].

(Énfasis y subrayado nuestros).

Es decir, si la vista de *injunction* preliminar y el juicio en sus méritos se consolidan, las Reglas de Evidencia obligan al tribunal y a las partes litigantes[9].

B

En nuestro sistema de derecho, el peso de la prueba recae sobre la parte que resultaría vencida de no presentarse evidencia por alguna de las partes. Regla 110(a) de las de Evidencia, 32 LPRA Ap. VI. En una acción civil, el peso de la prueba lo tiene el demandante.

De otra parte, conforme a la Regla 105 de las de Evidencia, este foro apelativo no dejará sin efecto una determinación de admisión o exclusión errónea de evidencia ni revocará por ello una sentencia o decisión, a menos que: (1) la parte perjudicada con la admisión o exclusión hubiere satisfecho los requisitos de objeción, fundamento u oferta de prueba establecidos en la Regla 104, y (2) el tribunal que considera el señalamiento estime que la evidencia admitida o excluida fue un factor decisivo o sustancial en la sentencia emitida y cuya revocación se solicita.

C

Para que una evidencia sea admisible debe cumplir con los requisitos que establecen las Reglas de Evidencia. Como primer requisito, toda evidencia debe satisfacer el requisito de pertinencia. Regla 401 de las de Evidencia, 32 LPRA Ap. VI. "En la práctica, evidencia pertinente es la que arroja luz o tiene algún valor probatorio, por mínimo que sea, para adjudicar la acción." E. L. Chiesa Aponte, *Reglas de Evidencia comentadas*, Ed. Situm, 2016, pág. 72.

"Una vez se establece que la evidencia propuesta es pertinente, esta tiene que cumplir con el requisito de **autenticación**. […] Autenticar implica

---

[9] *Véase*, E. L. Chiesa Aponte, *Reglas de Evidencia comentadas*, Ed. Situm, 2016, págs. 23-24.

demostrar que la cosa es lo que la parte propone que es." *Rosado Reyes v. Global Healthcare*, 205 DPR 796, 812 (2020); citando de E. L. Chiesa Aponte, *op. cit.*, pág. 345. (Énfasis nuestro).

La Regla 901 de las de Evidencia nos propone una lista ejemplificativa, no taxativa, de los diversos mecanismos para la autenticación de una evidencia; por ejemplo, mediante el testimonio de un testigo con conocimiento; mediante la presentación de evidencia de la letra de la autora o el autor; por la identificación de la voz; por virtud de escritos en contestación; mediante admisión; entre otros.

El testimonio de un testigo con conocimiento de que la evidencia es lo que el proponente sostiene que es constituye el "medio más elemental o fundamental de autenticar una evidencia […]". E. L. Chiesa Aponte, *Compendio de evidencia (en el sistema adversarial)*, Ed. Tyrant Lo Blanch, México, 2021, pág. 528. Véase, además, Regla 901(b)(1) de las de Evidencia, 32 LPRA Ap. VI.

Además, y en lo pertinente a este recurso, un escrito podrá autenticarse mediante evidencia de que la letra de la autora o autor es genuina. Inclusive, una persona testigo no perita puede expresar su opinión sobre si un escrito es del puño y la letra de la persona que es presunta autora a base de su familiaridad con la letra de esa persona, siempre y cuando dicha familiaridad no se haya adquirido con miras al pleito. Regla 901(b)(2) de las de Evidencia.

Evidentemente, si la prueba propuesta no es debidamente autenticada, no puede ser admitida en evidencia.

D

"Con gran frecuencia, en recursos apelativos fundados en errores en los procedimientos, el tribunal apelativo confirma la decisión apelada o recurrida, a pesar de admitir que se cometieron errores en el procedimiento. **La norma general es que para que un error procesal tenga efecto de revocación, debe ser sustancial, en el sentido de probabilidad de que**

**tal error tuvo un efecto significativo o sustancial en el resultado del caso**." E. L. Chiesa Aponte, *op. cit.*, pág. 703. (Énfasis nuestro).

Este principio está codificado en la Regla 105 de las de Evidencia, 32 LPRA Ap. VI. Esta establece que no se dejará sin efecto una determinación de admisión o exclusión errónea de evidencia, ni se revocará por ello una sentencia o decisión, a menos que: (1) la parte perjudicada hubiere satisfecho los requisitos de objeción, fundamento u oferta de prueba, contemplados en la Regla 104; **y**, (2) el tribunal que considere el señalamiento estime que la evidencia admitida o excluida fue un **factor decisivo o sustancial en la sentencia emitida**. Regla 105(a)(1) y (2) de las de Evidencia. Véase, además, *F.D.I.C. v. Caribbean Mktg. Ins. Agency*, 123 DPR 247, 260 (1989).

III

Como apuntamos previamente, durante la vista en su fondo celebrada el 30 de mayo de 2024, solo testificó el director ejecutivo del Colegio. En cuanto a la señora Bermúdez y *DBR Accounting Service*, testificó que había hecho una búsqueda en los archivos del Colegio y ellos no aparecían como miembros colegiados[10]. Con relación a las restantes alegaciones de la demanda, referentes a que la señora Bermúdez representaba ser, asumía o utilizaba el título de CPA para anunciarse como tal, el señor Sepúlveda no pudo declarar nada, pues lo desconocía[11]. Ello, a pesar de que él había suscrito la declaración jurada en apoyo de la demanda.

Conforme a su testimonio, la búsqueda en los archivos fue propiciada por una comunicación electrónica recibida de un querellante[12]. El correo electrónico generado, ni la persona querellante fueron identificadas[13]. No obstante, el documento que presuntamente se le hizo

---

[10] *Véase*, TPO, a las págs. 9-10.

[11] *Íd.*, a las págs. 18-19.

[12] *Íd.*, a las págs. 7, 15-16.

[13] Más adelante, y durante su contrainterrogatorio, declaró que la persona querellante era alguien relacionado con *Pyramid Learning Corp.* Íd., a la pág. 19.

llegar se trataba de una primera hoja con un membrete que lee *DBR Accounting Service* e intitulado *Informe del contador público autorizado independiente en la aplicación de procedimientos previamente acordados*, dirigido a la junta de directores de *Pyramid Learning Corp.*, Caguas, Puerto Rico. La segunda hoja, que lleva el número de página 73, y en el que aparece una firma y, debajo de esta, el nombre de Damaris Bermúdez Rodríguez, con número de licencia 5896, que expira el 1 de diciembre de 2025. El documento parece haber sido suscrito el 17 de enero de 2024.

Al verificar el número de licencia de CPA 5896, el señor Sepúlveda comprobó que este pertenecía a otra colegiada, cuyo nombre no ofreció, pero con quien se comunicó[14], y quien presuntamente instó una querella criminal en contra de la señora Bermúdez[15].

Con relación al documento recibido por correo electrónico, desde antes de comenzado el desfile de prueba, el representante legal de la señora Bermúdez y de DBR objetó la utilización y admisibilidad en evidencia del mismo[16]. Posteriormente, una vez solicitado por el Colegio que se admitiera el documento en evidencia, la señora Bermúdez objetó su admisibilidad[17]. En particular, apuntó que el señor Sepúlveda claramente había declarado que no conocía a la señora Bermúdez ni conocía su firma; y el documento estaba incompleto; es decir, saltaba de la primera página a la página 73. En fin, objetó su admisibilidad pues su autenticidad no había podido ser establecida. El tribunal dispuso como sigue:

> […]. Bien, en primer lugar, eh, que conste en la minuta que la carta **se admite como Exhibit uno (1)** de la parte demandante, y en segundo lugar, **escuchado el testimonio del señor Sepúlveda bajo juramento de afirmación en unión a la carta, el Tribunal está emitiendo el Injuction [*sic*] Permanente** y se le ordena a doña Damaris Bermúdez Rodríguez y a DBR Accounting Services desistir desde este momento, de forma permanente de actuar, realizar, representarse, suscribir o, eh, realizar cualquier actividad, eh, representándose como CPA o a nombre de la compañía que ya he mencionado. […].

---

[14] *Véase*, TPO, a la pág. 10.

[15] *Íd.*, a las págs. 12-13.

[16] *Íd.*, a la pág. 4.

[17] *Íd.*, a las págs. 23-27.

TPO, a la pág. 28. (Énfasis nuestro).

Evaluada la totalidad de la transcripción de la vista, nos parece evidente que la única prueba admisible en evidencia era el testimonio del señor Sepúlveda a los únicos efectos de que la señora Damaris Bermúdez Rodríguez no aparecía colegiada, ni aparecía registrada como contadora pública autorizada en Puerto Rico. Lo mismo en cuanto a la firma *DBR Accounting Services*. Si bien el señor Sepúlveda no pudo abundar sobre las alegaciones de la demanda instada, sí pudo testificar sobre las gestiones realizadas para corroborar si la parte apelante estaba o no debidamente colegiada. Por tanto, el primer error apuntado por la apelante no fue cometido.

Con relación al segundo señalamiento de error, no nos cabe duda de que el foro primario erró al admitir en evidencia un documento que no fue debidamente autenticado.

Como mencionamos, a pesar de las objeciones oportunas y fundamentadas del representante legal de la parte apelante, el foro primario admitió en evidencia el documento como *exhibit* 1. Como surge de las propias manifestaciones del juez en sala, ese documento no autenticado y, por tanto, inadmisible, constituyó, en unión al escueto testimonio prestado en sala por el señor Sepúlveda, la base para declarar con lugar la demanda de *injunction* permanente.

Conforme discutido, la Regla 105 de las de Evidencia, 32 LPRA Ap. VI, dispone que este foro apelativo no dejará sin efecto una determinación de admisión o exclusión errónea de evidencia, ni revocará por ello una sentencia o decisión, a menos que: (1) la parte perjudicada con la admisión o exclusión hubiere satisfecho los requisitos de objeción, fundamento u oferta de prueba establecidos en la Regla 104, **y** (2) el tribunal que considera el señalamiento estime que la evidencia admitida o excluida fue un factor decisivo o sustancial en la sentencia emitida y cuya revocación se solicita.

La discusión que antecede y lo acontecido en sala reflejan claramente que ambos requisitos fueron satisfechos a cabalidad, por lo que estamos obligados a revocar la sentencia dictada.

Por último, destacamos que los argumentos planteados por la parte apelada no nos convencen.

Nótese que la demanda fue instada el **viernes, 10 de mayo de 2024**; **el lunes, 13 de mayo**, el tribunal apelado emitió un entredicho preliminar, que por su propia naturaleza fue *ex parte*; a la señora Bermúdez y a DBR se les emplazó con copia de la demanda, de la orden de entredicho provisional y para la citación a la vista de *injunction* preliminar el **14 de mayo**[18]; la vista fue pautada para el 22 de mayo, aunque finalmente se celebró el 30 de mayo.

Por tanto, entre la fecha del diligenciamiento de copia de la demanda y de la orden y citación, y la celebración de la vista en sus méritos, solo habían transcurrido 16 días; es decir, el término de 30 días que manda la Regla 10.1 de las de Procedimiento Civil, 32 LPRA Ap. V, aún no había transcurrido, por lo que la parte apelante no estaba obligada a contestar la demanda[19]. Plantear que la Regla 6.4 de las de Procedimiento Civil obliga a dar por admitidas las alegaciones de la demanda que no fueron debidamente negadas en la contestación no resulta pertinente a este caso; particularmente, cuando el foro primario optó, en la misma fecha pautada para la celebración del *injunction* preliminar, consolidar este con la vista en su fondo.

Adicionalmente, el mero silencio de la señora Bermúdez no debe ser motivo para concluir que ella hubiera admitido tácitamente las alegaciones

---

[18] **No surge del expediente ante nos la fecha en que tales documentos y órdenes fueron diligenciados.** No obstante, una búsqueda en el *Sistema Unificado de Manejo y Administración de Casos* (SUMAC), refleja que tales documentos fueron presuntamente diligenciados el **14 de mayo de 2024**. A esos efectos, nos remitimos a la entrada núm. 6 del caso en SUMAC, que constituye la moción en que el Colegio informa del diligenciamiento de los documentos.

[19] Ello impedía, además, que se le anotase la rebeldía.

de la demanda. El peso de la prueba recaía sobre el Colegio y, como apuntamos previamente, este no descargó su responsabilidad[20].

IV

En mérito de los hechos y el derecho antes expuestos, este Tribunal revoca la sentencia de *injunction* permanente dictada por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, el 30 de mayo de 2024, y, en su consecuencia, desestima la demanda en el caso del título.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[20] Inclusive, nada impedía que el Colegio anunciara como testigo hostil a la señora Bermúdez.