EL PUEBLO DE PUERTO RICO, apelado, *v.* ARMANDO FRANCES-CHINI SÁEZ, acusado y apelante.

*Número:* CR-80-80          *Resuelto:* 31 de marzo de 1981

*Luis Roberto Santos,* abogado del apelante; *Héctor A. Colón Cruz, Procurador General,* y *Rose Mary Corchado Lorent, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El Ministerio Público acusó al apelante de infringir el Art. 107(d) de la Ley Núm. 143 de 30 de junio de 1969 (13 L.P.R.A. sec. 6107(d)).[1] Celebrado el juicio por tribunal de derecho, el acusado fue declarado culpable y sentenciado al pago de una multa de cien dólares. El apelante plantea que erró el tribunal de instancia al fallar que es culpable y al negarse a admitir en evidencia un certificado negativo de antecedentes penales expedido por la Policía de Puerto Rico.

Ninguno de estos señalamientos amerita la alteración del fallo o la sentencia. Hay base suficiente en la prueba de cargo para apoyar la conclusión del juez. Un sargento de la Policía declaró que, mientras estaba en servicio de ronda con tres agentes, pasó junto al negocio del apelante, "El Miramar", sito frente a un caserío en Mayagüez. El testigo se detuvo al observar fuera del negocio un juego de cartas. Los jugadores huyeron y sólo pudo detenerse a uno. Mientras el testigo intervenía en el arresto, vio dentro del negocio al menor F.V.A., mientras éste le vendía una cerveza a un parroquiano. El sargento inquirió del menor quién era el dueño del negocio. El menor le indicó que era el apelante y que éste lo había dejado a cargo del establecimiento mientras iba a almorzar.

El apelante negó que hubiese autorizado al menor a vender bebidas alcohólicas. El menor a su vez negó que las hubiese vendido.

---

[1] La disposición citada castiga el empleo de "menores de diez y ocho (18) años en el expendio de bebidas alcohólicas".

El conflicto resultante en la prueba fue dirimido por el juzgador de los hechos. En ausencia de error, prejuicio o parcialidad, no intervendremos en la apreciación de la prueba que efectúe un tribunal de instancia. *Pueblo* v. *Torres Montañez*, 106 D.P.R. 125, 130–31 (1977).

■ Respecto al segundo planteamiento, el apelante lo funda parcialmente en la Regla 71 de Evidencia y argumenta que "[u]n certificado de antecedentes penales emitido por la Policía de Puerto Rico es la mejor evidencia del comportamiento previo de un ciudadano". La alusión a la Regla 71 [2] es improcedente. La Regla 71 se refiere al modo de probar el contenido de un récord público u otro documento, especialmente cuando está en controversia su certeza. Según señalamos en *Pueblo* v. *Corales Irizarry*, 107 D.P.R. 481, 488 (1978), al comentar el propósito de esta norma, la " 'Regla de la Mejor Evidencia' . . . proclama la inadmisibilidad de evidencia secundaria del contenido de un escrito, salvo que satisfactoriamente se explique la omisión de producir el original". Lo que envuelve el caso de autos no es si el documento en disputa cumple o no con los requisitos formales para su admisión. La cuestión en controversia es si puede dejarse sin efecto en las circunstancias específicas de este pleito la exclusión alegadamente errónea de la prueba ofrecida. La Regla 71 no es pertinente para el análisis del segundo señalamiento de error.

■ La invocación de un fundamento equivocado para impugnar la exclusión de la prueba ofrecida exige la conside-

---

[2] La Regla 71 dispone:

"El contenido de un récord público u otro documento que esté bajo la custodia de una entidad u oficina pública puede ser probado mediante copia certificada del original expedida por funcionario autorizado, o copia declarada correcta o fiel por un testigo que la haya comparado con el original. Si ello no es posible, a pesar del ejercicio de razonables diligencias por parte del proponente, otra evidencia secundaria del contenido del original será admisible."

ración del efecto en este caso de la Regla 5 de Evidencia. ([3])
Las razones para requerir que se lleve a la consideración del
tribunal de instancia la naturaleza, el propósito y la perti-
nencia de la prueba excluida son ponerlo en condiciones de
medir el justo alcance de su determinación sobre la admisi-
bilidad de la prueba, así como proveer un récord que le per-
mita a esta Corte precisar si la exclusión efectuada fue co-
rrecta. Véase: 1 *Weinstein's Evidence*, N.Y., Mathew Bender,
1980, ¶103[03], págs. 103-27. Los tribunales han sido gene-
ralmente severos en rehusar que se altere en apelación la base
en que se haya atacado originalmente la exclusión de prueba.
*United States* v. *Anderson*, 618 F.2d 487 (8th Cir. 1980);
*United States* v. *Homer*, 545 F.2d 864 (3d Cir. 1976), *cert.*
denegado: 431 U.S. 954 (1977). Consideramos que tal debe
ser la norma en la generalidad de los casos, ([4]) pero examine-
mos en mayor detalle los términos de la Regla 5(1). El
primer inciso de esta regla permite que se deje sin efecto una
determinación de exclusión de evidencia cuando, de cumplirse
también con los requisitos que impone el segundo inciso, "[l]a

---

([3]) La Regla 5 provee:

"No se dejará sin efecto una determinación de exclusión de evidencia
ni se revocará sentencia o decisión alguna por motivo de exclusión errónea
de evidencia a menos que,

(1) La evidencia fue erróneamente excluida a pesar de que la natura-
leza, propósito y pertinencia de la misma fue traída a la atención del tri-
bunal mediante una oferta de prueba o por cualquier otro modo, y

(2) el tribunal que considera el efecto de la exclusión errónea en-
tiende que ésta fue factor decisivo o sustancial en la sentencia o decisión
cuya revocación se solicita."

([4]) En el análisis editorial de *Práctica Procesal Puertorriqueña: Evi-
dencia*, Vol. I, pág. 97, se expresa:

"Si no se objeta, o si se objeta inoportunamente o sin invocar el funda-
mento correcto, surge el efecto de una renuncia al derecho a objetar. La
parte perjudicada por la admisión o exclusión errónea de evidencia tiene la
obligación de objetar oportuna y correctamente. Si no lo hace se entiende
que renuncia al planteamiento. De ahí que la regla general es que no puede
una parte quejarse en revisión o apelación por un error de admisión o
exclusión errónea de evidencia cuando no objetó oportuna y correctamente
en el tribunal de instancia. Así lo ha manifestado el Tribunal Supremo en
innumerables ocasiones."

evidencia fue erróneamente excluida a pesar de que la naturaleza, propósito y pertinencia de la misma fue traída a la atención del tribunal mediante una oferta de prueba *o por cualquier otro modo . . .*". (Énfasis nuestro.) El texto es similar al código californiano, *West's Anno. Calif. Codes, Evidence*, sec. 354, y a la Regla 103(a)(2) de las Reglas Federales de Evidencia. La regla federal no permite el señalamiento de error en la exclusión de prueba, a menos que "mediante oferta se haga saber al tribunal la sustancia de la prueba *o ésta se desprenda del contexto dentro del cual se hicieron las preguntas*".([5]) (Traducción y énfasis nuestros.)

   ■  El historial de nuestra Regla 5(1) no revela que haya sido la intención impedir en todo caso el señalamiento de error en la exclusión de prueba cuando no se le indique al tribunal de instancia el fundamento preciso de su admisión. Consideramos que puede haber circunstancias singulares en que la naturaleza, propósito y pertinencia de la prueba se desprendan claramente del contexto de su presentación y en que el fundamento del pretendido error sea evidente. Tal es el caso actual. Resalta del récord que el objetivo del acusado era presentar prueba de reputación sobre su carácter. Estimamos que el hecho de que no invocó la Regla 65(U), la 20(A)(1) o la 45 no es base de por sí para que nos neguemos a considerar su señalamiento de error en circunstancias como la presente en que se ha cumplido con el objetivo básico de la Regla 5(1), ya que los tribunales concernidos pudieron y pueden pasar juicio sobre el señalamiento, sin enfrentarse a verdadera incertidumbre sobre la naturaleza, el propósito y la teoría del promovente sobre la pertinencia de la prueba. Nuestra Regla 5(1) no está en conflicto en este sentido con la Regla federal 103(a)(2).

---

([5]) En la jurisdicción federal pueden considerarse planteamientos no efectuados ante el tribunal si el error es manifiesto y afecta derechos sustanciales. Regla 103(d). *United States* v. *Darland*, 626 F.2d 1235, 1237 (5th Cir. 1980). Véase, además, nuestra Regla 6 de Evidencia.

■ El segundo inciso de la Regla 5 presenta, del otro lado, dificultades mayores para el apelante. El segundo inciso prohíbe que se deje sin efecto una determinación de exclusión de evidencia, excepto cuando "el tribunal que considera el efecto de la exclusión errónea entiende que ésta fue factor decisivo o sustancial en la sentencia o decisión cuya revocación se solicita". En este caso el tribunal permitió que el acusado testificase sobre el hecho de "nunca haber tenido problemas con la justicia durante toda su vida, salvo por este incidente". El tribunal que emitió el fallo y dictó la sentencia tuvo ante sí, por tanto, en forma testifical, la misma prueba que rechazó en forma documental al excluir el certificado negativo de antecedentes penales. No podemos concluir en tales circunstancias que el efecto de excluir la prueba fue un factor decisivo o sustancial en la sentencia.

La conclusión que antecede torna en innecesaria toda discusión sobre la admisibilidad de la prueba excluida en este caso.

*Se confirmará la sentencia apelada.*