IVETTE LOPEZ DIAZ ETC.
Recurrente

v.

DEPARTAMENTO DE EDUCACION
Recurrido

Núm. KLRA-99-00577

San Juan, Puerto Rico, a 29 de febrero de 2000

Panel integrado por su presidente, Juez Gierbolini
y los jueces Cordero y Hernández Torres

Hernández Torres, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La recurrente, Sra. Ivette López Díaz, nos solicita que revisemos una resolución emitida por la Junta de Apelaciones del Sistema de Educación Pública (J.A.S.E.P), en la apelación Núm. (M) S97-11-153, emitida el 18 de agosto de 1999. Mediante la misma se declaró NO HA LUGAR la apelación y en consecuencia se confirma la determinación del Secretario de Educación separando a la apelante, aquí recurrente, de su puesto de maestra en el Sistema de Educación hasta que cese su incapacidad.

Estudiado el expediente, el derecho aplicable y la posición de las partes, procede expedir el recurso solicitado y confirmar la resolución recurrida.

### I

Los hechos que dan inicio a la presente controversia son los siguientes:

La recurrente ejercía como maestra de Inglés del Departamento de Educación del Gobierno de Puerto Rico, puesto número R-07460 en la Escuela Segunda Unidad José Andino y Amezquita del Distrito Escolar de Bayamón III.

El 15 de febrero de 1994, el Superintendente de Escuelas de Bayamón III, Sr. Miguel A. Fernández Figueroa, radicó una querella contra la recurrente alegando que ésta no ejercía control del grupo y aparentaba estar afectada emocionalmente.

El 14 de marzo de 1996, la Sra. Evangelista Rivera Nieves, Investigadora de la Oficina de Inspección de Quejas del Departamento de Educación, visitó el Distrito Escolar Bayamón III con el propósito de verificar las alegaciones contenidas en la querella radicada contra la recurrente. En dicho proceso investigativo la señora Rivera Nieves obtuvo varias declaraciones en las que se establecía que la recurrente presentaba un aparente problema emocional el cual se manifestaba en su apariencia física, alegadamente por poco aseo personal, pobre calidad de trabajo, ausentismo y ningún control sobre el grupo de estudiantes. Como resultado de lo anterior, la refirieron a la Oficina de Adiestramiento y Orientación. La recurrente no aceptó la ayuda.

Posteriormente, la recurrente fue referida a evaluación psiquiátrica con el Dr. Juan G. Soto Silva con el propósito de determinar la naturaleza de cualquier trastorno psiquiátrico que pudiese tener y el posible impacto de éste en el desempeño de sus funciones.

El 11 de junio de 1997 se le notificó a la recurrente por medio de la División Legal del Departamento de Educación, del informe de evaluación del Dr. Soto Silva, quien diagnosticó que ésta padecía de trastorno bipolar, por lo que consideró que no está capacitada para continuar desempeñándose como maestra. Se le indicó, en esa misma comunicación, que debería visitar la Oficina de Desarrollo Integral de la Secretaría Auxiliar de Recursos Humanos del Departamento de Educación para orientarse sobre los beneficios por incapacidad, a los cuales tiene derecho.

El Secretario de Educación, Hon. Víctor Fajardo, mediante comunicación con fecha del 21 de octubre de 1997, notificó a la recurrente su decisión de separarla de su puesto de maestra y le advirtió de su derecho de apelar ante la Junta de Apelaciones del Sistema de Educación.

Inconforme con la decisión tomada, el 21 de noviembre de 1997, la recurrente apeló ante la Junta de Apelaciones del Sistema de Educación.

Luego de culminado los aspectos procesales, se le citó para vista administrativa el 30 de abril de 1999.

La Oficial Examinadora designada, Lcda. Luz Eneida Ríos Arzuaga, con fecha del 16 de agosto de 1999, rindió su informe a la Junta de Apelaciones del Sistema de Educación el cual fue acogido en su totalidad por dicha Junta y resolvió declarar NO HA LUGAR la apelación y confirmó la determinación del Secretario de Educación de separar a la recurrente de su puesto número R07460 de maestra de Inglés.

Inconforme con la decisión de la Junta de Apelaciones del Sistema de Educación, la recurrente profesora López Díaz, radicó el 20 de septiembre de 1999, una solicitud de revisión ante nos alegando, en dicho escrito, la comisión de varios errores por parte de la Junta.

En síntesis la recurrente señala cuatro errores, a saber:

*"1. Error al resolver adversamente una Solicitud de Revisión Sumaria presentada por la recurrente.*

*2. Abusar la Junta de su discreción al no permitir transferencia de vista.*

*3. Error de parte de la Junta al no admitir en evidencia el informe de opinión del perito de la apelante.*

*4. Error en algunas de la determinaciones de hecho referentes a la opinión del perito médico del Departamento de Educación, Dr. Soto Silva."*

Señala la recurrente que ella obtuvo una opinión pericial del Dr. Raúl Núñez Díaz que acreditaba que estaba capacitada para trabajar lo que contradecía la opinión en que se fundamentó la suspensión de su empleo.

Dicho perito no fue presentado por la recurrente en la vista administrativa por alegadamente estar impedido físicamente de comparecer, insistiendo en presentar un manuscrito de este perito el mismo día de la vista. Alegó, además, haber tenido poco tiempo para informarlo e insistió en que se tomase deposición a su perito en su residencia.

Es importante señalar que mediante la Resolución sumaria se pretendía la reinstalación de la recurrente por haber, alegadamente, cesado la incapacidad mental de ésta según su perito acreditó en el documento que no fue admitido en evidencia.

Encontrándonos en posición de resolver, así lo hacemos.

## II

Atenderemos en primer lugar, si se cometió error al resolverse adversamente la resolución sumaria presentada por la recurrente.

Este Tribunal entiende que el Procurador General en su escrito evaluó y analizó correctamente el paralelismo que pueda existir entre una resolución sumaria y una sentencia sumaria. Por lo tanto, acogemos sus planteamientos en esta sentencia.

Los tribunales son los únicos facultados para emitir una sentencia sumaria, pero existen analogías entre dicho mecanismo y la moción de resolución sumaria como la que presentara la recurrente ante J.A.S.E.P.

Ambos mecanismos pretenden aligerar la tramitación de un caso permitiendo se dicte una resolución sin

que se tenga que celebrar una vista en los méritos cuando de los documentos no controvertidos que se acompañan con la solicitud surge que no existe disputa de hechos que dirimir. *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 D.P.R. 714, 719, 720 (1986). Aunque tanto uno como el otro van dirigidos a promover la adjudicación rápida y la economía procesal *"su objetivo fundamental sigue siendo obtener una solución justa",* *Cuadrado Lugo v. Santiago Rodríguez,* 126 D.P.R. 272, 279 (1990).

*"En la solicitud de sentencia sumaria corresponde a la parte que la presenta, demostrar, fuera de toda duda razonable, la inexistencia de una controversia real sobre todo hecho pertinente que a la luz del derecho sustantivo determinaría una sentencia a su favor como cuestión de ley." Worldwide Food Distributors v. Colón Bermúdez,* Op. del 30 de junio de 1993, **93 J.T.S. 114**, a la pág. 10966.; *JADM v. Centro Comercial Plaza Carolina,* 132 D.P.R. 785, 802 (1993); *Rivera Santana v. Superior Packaging,* 132 D.P.R. 115, 133 (1993); *Cuadrado Lugo v. Santiago Rodríguez, supra.*

Siguiendo con la analogía, correspondía entonces a la recurrente probarle a J.A.S.E.P. que no existía controversia por la cual debía acoger la resolución sumaria presentada y reinstalarla a su puesto. No logró hacerlo.

Como señala el Procurador, la controversia de epígrafe se circunscribe a determinar si la recurrente se encuentra capacitada mentalmente para ocupar la plaza de maestra.

Si por analogía aplicamos al caso de autos lo resuelto en *Acevedo Santiago v. Western Digital Caribe, Inc.,* Op. del 25 de marzo de 1996, **96 J.T.S. 42**, a la págs. 881-882, no procede resolver mediante resolución sumaria. Señala dicho caso que:

*"No debe dictarse sentencia sumaria en acción judicial una vez esté en disputa la legalidad de un despido, cuando existe una controversia real en cuanto a los hechos que dieron lugar al despido."*

La controversia central de este caso es si la recurrente está o no capacitada para regresar a sus labores. Sobre este hecho hay controversia, por lo que concurrimos con la determinación de J.A.S.E.P. de no acoger la moción de resolución sumaria y resolver la controversia en sus méritos.

En cuanto al segundo error sobre la negativa por parte de la Junta de suspender la vista a petición de la recurrente, tampoco le asiste la razón a ésta.

El Artículo 2, Sección 2. 10 (a) del Reglamento Procesal de la Junta de Apelaciones del Sistema de Educación Pública, indica lo siguiente:

*"2.10 - Suspensiones de Vistas*

*(a) Las vistas sólo se suspenderán cuando medie causa meritoria que ello justifique, las cuales deberán ser presentadas por escrito por la parte proponente de la suspensión en un término no menor de cinco (5) días laborables de antelación a la fecha del señalamiento, con notificación a todas las partes en el procedimiento. Junto con la moción de suspensión, la parte o las partes someterán tres (3) fechas disponibles en sus respectivos calendarios para el subsiguiente señalamiento de vista. Dichas fecha deberán estar comprendidas dentro del período de un (1) mes a tres (3) meses después que el señalamiento de vista haya sido suspendido o pospuesto.*

*El incumplimiento con lo aquí dispuesto conllevará la declaración perentoria de no ha lugar a la solicitud de posposición, excepto cuando de la propia faz de la solicitud surja que hayan mediado circunstancias extraordinarias e imprevisibles y fuera de control de las partes o de sus abogados que imposibiliten la solicitud."*

Del expediente que obra en autos, surge que la parte recurrente no cumplió con la disposición referente a la suspensión de vista y con ofrecer tres fechas para nuevo señalamiento. Además, no era la primera solicitud de posposición que se había hecho en un caso que se remonta al 21 de noviembre de 1997.

Como tercer señalamiento de error, la apelante alega que J.A.S.E.P. erró al no admitir en evidencia el informe de su perito. La sección 2163 (c) de la Ley de Procedimiento Administrativo Uniforme 3 L.P.R.A. sec. 2163, señala que el funcionario que presida la vista podrá excluir aquella evidencia que sea impertinente, inmaterial, repetitiva o inadmisible por fundamentos constitucionales o legales basados en privilegios evidenciarios reconocidos por los tribunales de Puerto Rico.

A su vez, el inciso 2 de la Regla 5 de Evidencia, 32 L.P.R.A. Ap. IV, R. 5, prohíbe que se deje sin efecto una determinación de exclusión de prueba, excepto cuando el tribunal que considera el efecto de la exclusión errónea entiende que ésta fue un factor decisivo o sustancial en la sentencia o decisión cuya revocación se solicita. *Pueblo v. Franceshini Sáez,* 110 D.P.R. 794, 797 (1981).

Aun si concluyéramos que el error se cometió, entendemos que el mismo no fue un factor decisivo en la determinación de la agencia recurrida para sostener la decisión del Secretario de Educación de separar a la apelante de su puesto de maestra. Del estudio de la totalidad del expediente surge suficiente evidencia como para sostener la determinación de J.A.S.E.P., por lo tanto el error no se cometió.

El cuarto error señalado por la apelante, no entraremos a discutirlo, ya que es doctrina reiterada que las decisiones de los organismos administrativos merecen gran deferencia y respeto por los tribunales. Lo anterior tiene su razón de ser en consideración a la experiencia y peritaje de que gozan dichos organismos en las áreas dentro de su competencia. *San Vicente Frau v. Policía de Puerto Rico,* Op. del 12 de diciembre de 1996, **96 J.T.S. 148**; a la pág. 332; *Metropolitan S.E. v. ARPE,* Op. del 10 de abril de 1995, **95 J.T.S. 39**, a la pág. 767; *La Facultad para las Ciencias Sociales Aplicadas, Inc. v. Conseio de Educación Superior,* Op. del 2 de junio de 1993, **93 J.T.S. 88**, a la pág. 10783; *Rubin Ramírez v. Trías Monge,* 111 D.P.R. 481, 484-485 (1981).

Los Tribunales Apelativos no intervendrán con las decisiones de los organismos administrativos, salvo que éstos hubiesen actuado arbitrariamente o ilegalmente o tan irrazonable que su actuación hubiese constituido un claro abuso de discreción. *Fuentes v. ARPE,* Op. del 17 de diciembre de 1993, **93 J.T.S. 165**, a la pág. 11385; *Murphy Bernabé v. Tribunal Superior,* 103 D.P.R. 692-669 (1975).

La recurrente no ha podido demostrar que la Resolución emitida por la Junta es incorrecta no pudiendo, por tanto, derrotar la presunción de corrección y legalidad de la cual gozan las decisiones de los organismos administrativos, *Díaz Marín v. Municipio de San Juan,* 117 D.P.R. 334-339 (1986).

### III

Por todo lo anterior, se confirma la determinación de la Junta de Apelaciones del Sistema de Educación Pública que confirma a su vez la actuación del Secretario de Educación.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General